IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT L. CARR,<br><br>　　　　Defendant and Judgment Debtor. | Case No.  2:15MC0037-GEB-KJN<br><br>**FINAL ORDER OF CONTINUING GARNISHMENT (ANNUITY)**<br><br>Criminal Case No.: 2:09-CR-00170-GEB |
| PIPE TRADES DISTRICT COUNCIL NO. 36 PENSION TRUST FUND,<br><br>　　　　Garnishee. | |

　　　Pending before the Court is the United States' Application for a Final Order of Continuing Garnishment (the Application) against the non-exempt, monthly annuity payments the defendant, Robert L. Carr, receives from the Pipe Trades District Council No. 36 Pension Trust Fund (Pipe Trades).  By its Application, the United States seeks an order:  1. Garnishing the amount Pipe Trades has been withholding from Defendant's monthly payment since Pipe Trades received the writ of garnishment; plus;  2. Twenty-five percent (25%) of Defendant's retirement annuity payments until the restitution ordered amount, including interest thereon and the litigation surcharge, are paid in full or the writ is terminated as set forth in 28 U.S.C. § 3205(c)(10) of the Federal Debt Collections Procedures Act

(FDCPA), whichever occurs first.

The Court, having reviewed the court files and the Application, hereby finds as follows:

1. On May 17, 2013, the Court convicted and sentenced Defendant in criminal case No. 2:09-cr-00170-GEB.  Docket Entry (DE) No. 111.  The Judgment ordered Defendant to pay a $300.00 statutory assessment and $120,000.00 in restitution.  The Court imposed interest at a rate of 0.12% or $0.32 per day on the restitution amount.  *Id.*

2. On April 27, 2015, the United States sought a writ for a continuing garnishment against the non-exempt, monthly annuity payments Defendant receives from the garnishee, Pipe Trades.  Misc. DE No. 3.  The United States' pending garnishment seeks the recovery of $98,719.68 in unpaid restitution plus the ten percent (10%) litigation surcharge authorized by section 3011(a) of the FDCPA.  The amount sought by the writ is $108,591.64, representing the unpaid restitution amount of $98,719.68 plus a litigation surcharge of $9,871.96.

3. The Clerk issued the Writ of Continuing Garnishment on April 27, 2015, and, on the same day, the United States served Pipe Trades with the Writ and its attachments.  Misc. DE Nos. 4 and 5.  On May 1, 2015, the United States served the Defendant at the Sheridan Federal Correctional Institute (Sheridan FCI) with a copy of the Writ of Garnishment and its attachments.  Misc. DE No. 6.

4. Pipe Trades filed its Acknowledgment of Service and Answer of Garnishee (the Answer) on May 1, 2015.  The Answer identifies Defendant as a recipient of annuity payments and states Pipe Trades served Defendant on April 29, 2015, with a copy of the Answer.  Misc. DE No. 7.

5. The Answer states that Defendant receives a monthly annuity payment in the gross amount of $2,753.76.  After tax and other withholdings, Defendant receives a monthly net payment of $2,615.92.  *Id*.  This net allowance represents Defendant's non-exempt, disposable retirement earnings arising from his service as a member of the Plumber and Pipe Fitters Union.  Pipe Trades has been withholding 25% of Defendant's non-exempt, disposable earnings since April 2015.  The 25% withholding amount comports with the Consumer Credit Protection Act's 25% garnishment cap on a debtor's non-exempt disposable earnings.  15 U.S.C. § 1673(a)(1).

///

2

6. Because Defendant is presently receiving his Pipe Trades annuity payments, the issue whether the ERISA prohibits the garnishment of his retirement payments is not applicable here. *United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007) ("[W]e conclude that criminal restitution orders can be enforced by garnishing retirement funds, but with the funds only payable when the defendant has a current, unilateral right to receive payments under the terms of the retirement plan.").

7. The Defendant had twenty (20) days from the date Pipe Trades served its Answer to request a hearing objecting to the Answer. 28 US.C § 3205(c)(5). Defendant has not objected to the Answer or requested a hearing thereon, and the time for doing so has lapsed.

8. On May 20, 2015, the United States received the Defendant's Writ package returned as unable to deliver due to the Defendant's release from Sheridan FCI and entry into a half-way house. Following his release from the half-way house and return to his residence, the United States re-served the Defendant on August 13, 2015, with the Writ, its attachments and the Answer. Misc. DE No. 8. These documents notified the Defendant of his right to a hearing to object to the garnishment proceeding, file claims of exemption thereto, or object to Pipe Trades' Answer. *Id*. The Defendant had twenty (20) days from the date he received the Writ and its attachments to take any of these actions, but failed to do so. His time to object to this garnishment has now expired. 28 U.S.C. §§ 3202(d) and 3205(c)(5).

9. All conditions to the issuance of a Final Order of Continuing Garnishment against the Defendant's non-exempt annuity payments are satisfied.

Based on the foregoing findings and good cause appearing for the United States' requested relief, the Court hereby GRANTS the Application. Accordingly, IT IS SO ORDERED that:

1. Garnishee, Pipe Trades District Council No. 36 Pension Trust Fund, its successors, transferees and assignees (Pipe Trades), shall pay at least monthly, to the Clerk of the Court, twenty-five (25%) of Defendant's non-exempt, disposable annuity payments until the earlier of:

    A. Payment in full of the unpaid restitution, interest thereon, and surcharge amount;

    B. Pipe Trades no longer has custody, possession or control of any property belonging to the Defendant; or

        C.        Further order of this Court.

2. Pipe Trades shall provide the United States with written notice if the amount or form of annuity payments to Defendant changes while this order is in effect.

3. All amounts previously withheld by Pipe Trades pursuant to the Writ of Continuing Garnishment shall be paid to the Clerk of the Court within twenty (20) days of the date this Order is filed.

4. All payments shall be made payable to the "Clerk of the Court" and mailed to the United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Pipe Trades shall state the criminal case docket number (2:09-cr-00170-GEB) on the payment instrument.

5. This order resolves ECF No. 9.

IT IS SO ORDERED.

Dated: November 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE